UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN DILLARD Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff,* | § § | No. _____ |
| v. | § § | |
| PIONEER EXPLORATION LLC, ATLAS OPERATING LLC AND YOUNAS CHAUDHARY, | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Steven Dillard (referred to as "Plaintiff" or "Dillard") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Pioneer Exploration LLC ("Pioneer"), Atlas Operation LLC ("Atlas") and Younas Chaudhary ("Chaudhary) (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of

Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Steven Dillard is an individual who resides in Snyder, Texas and who has been employed by Defendants during the last three years.

9. Pioneer Exploration LLC is a Texas limited liability corporation that may be served with process by serving its registered agent:

> Younas Chaudhary
> 15603 Kuykendahl, Ste. 200
> Houston, Texas 77090

Alternatively, if the registered agent of Pioneer Exploration LLC cannot with reasonable diligence be found at the company's registered office, Pioneer Exploration LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Atlas Operation LLC is a corporation that may be served with process by serving its registered agent:

> Younas Chaudhary
> 15603 Kuykendahl, Ste. 200
> Houston, Texas 77090

Alternatively, if the registered agent of Atlas Operation LLC cannot with reasonable diligence be found at the company's registered office, Atlas Operation LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Defendant Younas Chaudhary is an individual who may be served with process at:

> Younas Chaudhary
> 15603 Kuykendahl, Ste. 200
> Houston, Texas 77090

or wherever he may be found. Chaudhary may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Whenever it is alleged that Defendants committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

13. Defendants are an independent oil and gas exploration; it does business in the territorial jurisdiction of this Court.

14. Plaintiff was employed by Defendants as a Floor Hand from approximately October 2019 through March 2020.

15. During Plaintiff's employment with Defendants, he was engaged in commerce or the production of goods for commerce.

16. During Plaintiff's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

17. During Plaintiff's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

18. During Plaintiff's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

19. During Plaintiff's employment with Defendants, he regularly worked in excess of forty hours per week.

20. Defendants knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

21. Defendants paid Plaintiff on an hourly basis.

22. Defendants did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

23. Instead, Defendants paid Plaintiff at his straight time rate for a portion of his overtime hours each week.

24. Additionally, Defendants failed to pay Plaintiff for all hours worked. For example, Defendants automatically deducted one hour for lunch each shift even though Plaintiff rarely, if ever was able to take a full uninterrupted lunch break and Defendants failed to pay Plaintiff for any hours that were worked beyond twelve hours each shift.

25. In other words, Defendants paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

26. Defendants knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

27. Defendants failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

28. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

29. Defendants are liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

30. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

31. All workers, including Floor Hands, working for Defendants are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay Overtime in Violation of
### 29 U.S.C. § 207(a)

32. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. During Plaintiff's employment with Defendants, he was a nonexempt employee.

34. As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

35. Defendants did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

36. Instead, Defendants paid Plaintiff at his straight time rate for a portion of his overtime hours each week.

37. Additionally, Defendants failed to pay Plaintiff for all hours worked. For example, Defendants automatically deducted one hour for lunch each shift even though Plaintiff rarely, if ever, was able to take a full uninterrupted lunch break and Defendants failed to pay for any hours that were worked beyond twelve hours each shift.

38. In other words, Defendants paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

39. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

40. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

41. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

42. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

43. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

### VIII.  Count Three—Collective Action Allegations

44. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

45. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

46. These workers are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were

denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

47.     Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

48.     Since, on information and belief, Plaintiff's experience is typical of the experiences of the putative class members, collective action treatment is appropriate.

49.     All workers of Defendants, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

> All workers, including Floor Hands, who worked for Defendants during the last three years.

50.     Defendants are liable to Plaintiff and the other employees, including mud loggers, for the difference between what it actually paid them and what it was legally obligated to pay them.

51.     Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other workers their unpaid overtime wages for at least the last three years.

52. Defendants are liable to Plaintiff and the other workers, including Floor Hands, in an amount equal to their unpaid overtime wages as liquidated damages.

53. Defendants are liable to Plaintiff and the other workers, including Floor Hands, for their reasonable attorneys' fees and costs.

54. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf as well as on behalf of all other putative class members.

## IX. Prayer

55. Plaintiff prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Plaintiff and the other workers, including Floor Hands, all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate;

    d. postjudgment interest at the applicable rate;

    e. incentive awards for any class representative(s); and

    f. all such other and further relief to which Plaintiff and the other workers, including Floor Hands, may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

RENU TANDALE
State Bar No. 24107417
Federal Id. No. 3487389
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739